LOEB & LOEB LLP
LANCE N. JURICH (SBN 132695)
ljurich@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

*Counsel for Silver Creek Modular, LLC*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No. 6:23-11677-SY |
| | Chapter 11 Proceeding |
| SILVER CREEK INDUSTRIES, LLC | **STATEMENT OF PROPOSED STALKING HORSE BIDDER IN SUPPORT OF DEBTOR'S EMERGENCY FIRST DAY MOTIONS** |
| Debtor and Debtor-in-Possession. | |
| | Date: May 3, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 302<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND OTHER PARTIES-IN-INTEREST:**

Silver Creek Modular, LLC, a party in interest and a proposed purchaser ("Stalking Horse Bidder") of substantially all of the captioned debtor's (the "Debtor") assets and those of its non-debtor affiliates files this statement in support ("Statement in Support") of the Debtor's *(1) Emergency Motion for Order Authorizing Use of Any Cash Collateral of Secured Claimants* [Dkt. # 8] ("Cash Collateral Motion"); *(2) Debtor's Emergency Motion for Order Authorizing Payment or Honoring of Pre-Petition Payroll Obligations; and Retention of Account Used to Fund Pre-Petition Payroll* [Dkt. # 10] ("Payroll Motion"); and *Debtor's Emergency Motion for Order Authorizing the Debtor to Pay in the Ordinary Course Pre-Petition Claims of Claimants Having Bond Rights, Lien Rights or Comparable Construction Law Rights* [Dkt. # 11] ("Ordinary Course Motion" and together with the Cash Collateral Motion and the Payroll Motion, the "First Day Motions").[1] In support of its Statement in Support, Stalking Horse Bidder respectfully states as follows:

**STATEMENT**

Stalking Horse Bidder fully supports the relief requested in the First Day Motions and urges the Court to approve them.

Stalking Horse Bidder has extensively negotiated the terms of the Term Sheet and has increased its offer significantly, and made many concessions. During those negotiations with both the Debtor and CIT, Stalking Horse Bidder made it abundantly clear that its significantly enhanced purchase price is predicated on, and assumes, a going concern sale. Simply put, without an operating business and the hundreds of dedicated and skilled workers to support it, the Debtor's business is worth substantially less. Indeed, Stalking Horse Purchaser's agreement to assume uncapped warranty liability for prepetition commercial projects evidences the value of the Debtor's good will as a going concern. Stalking Horse Purchaser supports the relief requested in

---

[1] Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the First Day Motions.

1  the First Day Motions because, it is respectfully submitted, without such relief there is little, if any, chance that the Debtor will be able to maximize the value of its assets for the benefit its creditors, including its largest one.

While Stalking Horse Purchaser does not take a position on the parties respective positions with respect to the Cash Collateral Motion, it urges the Court to approve it if CIT and Debtor cannot resolve CIT's anticipated objection.  Without the use of cash collateral the other First Day Motions are meaningless, because the Debtor will be forced to shutter and lay off its workforce.

Along those lines, the Payroll Motion seeks necessary relief to assure that the pre-petition wage and benefit obligation payments to the Debtor's employees are not disrupted.  The stigma attached to a bankruptcy filing naturally causes great concern and consternation for a debtor's workforce at the inception of a filing.  Were the pre-petition obligations not honored timely as they were pre-petition, Stalking Horse Purchaser has significant concern that many if not most of the employees will terminate their employment, thereby greatly impairing the value of the Debtor's assets.  Permitting the Debtor to pay and honor the employee obligations up to the Section 507(a)(4) priority cap will benefit the estate and help preserve value for the Debtor's creditors, including CIT.

Finally, the Ordinary Course Motion is critical to the success of this case and the sale and should be approved.  Construction Law Claimants must be paid the Construction Law Claims in the ordinary course of business to assure that their work proceeds post-petition without interruption.  There is little doubt that work will cease if a company in bankruptcy stops making ordinary course progress payments on active jobs, which in turn will lead to customers refusing to pay on their related contracts with the Debtor.  This in turn would wreak havoc on the Debtor's budget, which, according to the McGeever Declaration, will be sufficient to pay the Construction Law Claims.  Further still, Stalking Horse Purchaser has agreed to assume not more than $2.5 million of Construction Law Claims and understands that if the Debtor pays its budgeted Construction Law Claims through the anticipated June 2nd closing the Debtor's liability for such claims at closing will not exceed $2.5 million.  Paying the Construction Law Claims in the

ordinary course will help assure that the sale price will be maximized at closing and not impact recoveries to the Debtor's creditors.

## V.

## **CONCLUSION**

Based upon the foregoing, Stalking Horse Purchaser respectfully requests that the Court grant to the Debtor the relief requested in the First Day Motions and such other and further relief as this Court deems just and appropriate under the circumstances of this case.

DATED: May 2, 2023  **LOEB & LOEB, LLP**

By: /s/ Lance N. Jurich
    Lance N. Jurich
    Vadim J. Rubinstein

*Counsel* for *Silver Creek Modular, LLC*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **STATEMENT PROPOSED STALKING HORSE BIDDER IN SUPPORT OF DEBTOR'S EMERGENCY FIRST DAY MOTIONS**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 2, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Robert E. Opera on behalf of Debtor, ropera@wghlawyers.com
- United States Trustee, ustp.region16@usdoj.gov
- Abram Feuerstein, U.S. Trustee, abram.s.feuerstein@usdoj.gov
- Everett L. Green, U.S. Trustee, everett.l.green@usdoj.gov
- Cameron C. Ridley, U.S. Trustee, Cameron.Ridley@usdoj.gov
- Stacey Rosenberg, Secured Creditor First-Citizens Bank & Trust Company, srosenberg@sheppardmullin.com
- Theodore Cohen, Secured Creditor First-Citizens Bank & Trust Company, srosenberg@sheppardmullin.com
- Shadi Farzan, Secured Creditor First-Citizens Bank & Trust Company, sfarzan@sheppardmullin.com

☐ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:
On (*date*) May 2, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/2/2023 | Fiona McKeown | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**