PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
CAMERON RIDLEY, SBN 324514
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501
Telephone: (951) 276-6354
Facsimile: (951) 276-6973
Email: Cameron.Ridley@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>Silver Creek Industries, LLC,<br><br>Debtor | Lead Case No. 6:23-bk-11677-SY<br><br>Chapter 11<br><br>Jointly Administered With:<br>Case No.: 6:23-bk-12165-SY<br>Case No.: 6:23-bk-12167-SY |
| In re:<br><br>Silver Creek Leasing, LLC,<br><br>Debtor | **LIMITED OBJECTION BY UNITED STATES TRUSTEE REGARDING DEBTORS' EMERGENCY MOTION FOR ORDER APPROVING: (1) SALE AND BIDDING PROCEDURES IN CONNECTION WITH THE DEBTORS' MOTION FOR SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS AND INTERESTS ("SALE MOTION"); (2) PROPOSED BREAK-UP FEE; (3) SHORTENING TIME FOR SERVICE OF NOTICE OF HEARING ON SALE MOTION; AND (4) MANNER OF NOTICE TO BE PROVIDED TO CREDITORS AND PARTIES-IN-INTEREST IN CONNECTION WITH SALE MOTION** |
| In re:<br><br>Silver Creek Industries RS, LLC,<br><br>Debtor | |
| ☐ Affects All Debtors<br>☐ Affects Silver Creek Industries, LLC<br>☒ Affects Silver Creek Leasing, LLC<br>☒ Affect Silver Creek Industries RS, LLC | Date: May 25, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 302<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS AND DEBTORS IN POSSESSION, DEBTORS' PROPOSED COUNSEL AND ALL PARTIES IN INTEREST:**

Peter C. Anderson, the United States Trustee for the Central District of California, Region 16 ("U.S. Trustee"), hereby submits this limited objection ("Limited Objection") in response to Silver Creek Industries RS, LLC and Silver Creek Leasing, LLC's (collectively, the "Debtors") respective *Emergency Motion For Order Approving: (1) Sale And Bidding Procedures In Connection With The Debtor's Motion For Sale Of Substantially All Of The Assets Of The Debtor Free And Clear Of Liens And Interests ("Sale Motion"); (2) Proposed Break-Up Fee; (3) Shortening Time For Service Of Notice Of Hearing On Sale Motion; And (4) Manner Of Notice To Be Provided To Creditors And Parties-In-Interest In Connection With Sale Motion,* Dkts. Nos. 2 in each respective case ("Motions").

**<u>LIMITED OBJECTION</u>**

## I. THE TOTAL BREAK-UP FEE SHOULD NOT BE INCREASED.

The order approving the sale and bidding procedures in the main case of Silver Creek Industries, LLC, states in paragraph 9 that "[T]he $425,000 Break-Up Fee that may become payable to the Stalking Horse Bidder is approved." *See* Dkt. No. 145, p. 4, lns. 16-19. The Debtors' Motions in the related cases provide that "SCL and SCRS request that this Court enter an order granting to them the same relief already approved by this Court for SCI [Silver Creek Industries, LLC] in ruling on its Sale Procedures Motion." *See* Motions, p. 3, lns. 26-28.[1] Each of the Motions by the related Debtors specifically request approval of a $425,000 break-up fee": "The $425,000 Break-Up Fee that may become payable to the Stalking Horse Bidder is approved." Motions, p. 7, lns. 16-19.

---

[1] The Debtors' Motions in the related cases, and the supporting information, appear to be substantially identical.

Contrary to the Court's order concerning the bidding procedures, and the noticed Motions, it appears that the Debtors seek to increase the break-up fee. The *Notice of Filing Redlined Asset Purchase Agreement And Its Related Schedules*, Dkt. No. 154, filed in the main case of Silver Creek Industries, LLC, indicates that in Section 7.15 the amount of the break-up fee is increased from $425,000 to $475,000.

At this time, the U.S. Trustee opposes an increase to the break-up fee, which was previously negotiated by parties in interest, and approved by the Court.

Further, the filing of the related Debtors' bankruptcy cases appears to be a demand and concession to the Stalking Horse Bidder.[2] As noted, in the Omnibus Declaration of James McGeever in support of the Motions ("McGeever Decl."), Dkt. No. 3, "[t]he Stalking Horse Bidder has made it clear that including the assets of SCL and SCRS is critical to his agreement to purchase assets and has insisted upon the commencement of Chapter 11 cases for SCL and SCRS to obtain appropriate Orders granting the sale of the assets of SCL and SCRS due to the insolvency of those entitles." McGeever Decl., p. 16, lns. 15-18.[3] Why should the Stalking Horse Bidder be permitted an increased break-up fee at this

---

[2] Pursuant to Federal Rule of Bankruptcy Procedure 6003, the U.S. Trustee questions why, if the sale of the Debtors' assets on an emergency basis "is necessary to avoid immediate and irreparable harm," bankruptcy cases were not commenced for these related entities at or near the same time as that of the main case for Silver Creek Industries, LLC. *C.f.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015) ("The party seeking emergency relief must demonstrate that it is not at fault in creating the situation that it asserts necessitates resolution of its motion on an expedited schedule").

[3] The voluntary petition for both Silver Creek Industries RS, LLC, and Silver Creek Leasing, LLC, list Silver Creek Modular, LLC or Webb Investments Co., LLC, as one of the 20 largest unsecured claimants. Accordingly, it appears that the Stalking Horse Bidder loaned each of the Debtors $25,000 on an unsecured basis. The Debtors should make a complete disclosure of the reason why they obtained loans from the Stalking Horse Bidder in conjunction with any request for a 11 U.S.C. Section 363(m) finding. To the extent the loans were received to assist with filing bankruptcy and conducting a sale of their assets to the Stalking Horse Bidder, at the request of the Stalking Horse Bidder, questions are raised concerning the arm's-length nature of the transaction. *See In re Integrated Res.*, 147 B.R. 650, 657 (S.D.N.Y. 1992) (suggesting three questions for courts to consider in assessing break-up fees: (1) is the relationship of the parties who negotiated the break-up fee tainted by self-dealing or manipulation; (2) does the fee hamper, rather than encourage, bidding; (3) is the amount of the fee unreasonable relative to the proposed purchase price?").

juncture of the case? The question is especially relevant when the filing of the related Debtors' bankruptcy cases appears to be at the Stalking Horse Bidder's request, a break-up fee was already determined and approved by the Court in the main case, and the Motions do not request an increase to the break-up fee.[4]

The U.S. Trustee respectfully requests that the related debtors address the above issues.

DATED: May 25, 2023

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: *<u>/s/ Cameron Ridley</u>*
Cameron Ridley
Trial Attorney

---

[4] In advance of today's auction of the marketed assets, the U.S. Trustee wrote to Mr. Opera, Silver Creek Industries, LLC's counsel, concerning his opposition to the proposed unilateral increase to the break-up fee.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3801 University Avenue, Suite 720,**
**Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): **Limited Objection by United States Trustee Regarding Debtors' Emergency Motion for Order Approving: (1) Sale and Bidding Procedures in Connection with the Debtors' Motion For Sale of Substantially all of the Assets of the Debtor Free and Clear of Liens and Interests ("Sale Motion"); (2) Proposed Break-Up Fee; (3) Shortening Time for Service of Notice of Hearing on Sale Motion; and (4) Manner of Notice to be Provided to Creditors and Parties-In-Interest in Connection with Sale Motion** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 25, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See Attached Electronic Mail Notice List**

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **May 25, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Silver Creek Industries LLC
2830 Barrett Avenue
Perris, CA 92571

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 25, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

(Hand Delivered to the Bis Outside Courtroom 302 & Overnight Mail)
Judge's Copy
Honorable Scott C. Clarkson
United States Bankruptcy Court
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| May 25, 2023 | Adela Salgado | */s/ Adela Salgado* |
| *Date* | *Printed Name* | *Signature* |

# Mailing Information for Case 6:23-bk-11677-SY

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Maria Cho** Maria.Cho@faegredrinker.com, liliana.hernandez@faegredrinker.com
- **Theodore A Cohen** tcohen@sheppardmullin.com, mtzeng@sheppardmullin.com
- **Martin P Eramo** MPEramo@aol.com
- **Thomas R Fawkes** thomas.fawkes@tuckerellis.com, brittany.falkner@tuckerellis.com
- **Abram Feuerstein** abram.s.feuerstein@usdoj.gov
- **James Ficenec** james.ficenec@ndlf.com
- **Clifford Kerry Fields** ckfields@fieldslg.com, marnellb@fieldslg.com
- **Ronald E Gold** rgold@fbtlaw.com, eseverini@fbtlaw.com;jkleisinger@fbtlaw.com
- **Richard H Golubow** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Michael I. Gottfried** mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Everett L Green** everett.l.green@usdoj.gov
- **Jennifer C Hayes** jhayes@mckennalong.com, aworthing@mckennalong.com
- **Leslie R Horowitz** leslie.horowitz@offitkurman.com, arvin.setaghaian@offitkurman.com
- **Lance N Jurich** ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com
- **Matthew I Kaplan** matthew.kaplan@tuckerellis.com, sofia.escalante@tuckerellis.com
- **Jane G Kearl** jkearl@watttieder.com
- **Peter W Lianides** plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Zi Chao Lin** zi.lin@tuckerellis.com, kristin.mccarthy@tuckerellis.com;thomas.fawkes@tuckerellis.com;jason.ben@tuckerellis.com
- **Christopher E Ng** cng@gglts.com
- **Robert E Opera** ropera@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Jennifer Pruski** jpruski@trainorfairbrook.com
- **Cameron C Ridley** Cameron.Ridley@usdoj.gov
- **Todd C. Ringstad** becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Edward Rubacha** er@jhkmlaw.com, docket@jhc.law;am@jhc.law
- **Peter T Steinberg** mr.aloha@sbcglobal.net
- **Dana Sykulski** dsykulski@yahoo.com
- **United States Trustee (RS)** ustpregion16.rs.ecf@usdoj.gov
- **S Christopher Yoo** cyoo@fbtlaw.com, vdelgado@fbtlaw.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.