ROBERT E. OPERA -- State Bar No. 101182
ropera@wghlawyers.com
PETER W. LIANIDES – State Bar No. 160517
plianides@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for
Silver Creek Industries, LLC, Debtor and Debtor-in-Possession

TODD C. RINGSTAD – State Bar No. 97345
todd@ringstadlaw.com
**RINGSTAD & SANDERS, LLP**
4910 Birch Street, Suite 120
Newport Beach, CA 92660
Telephone: (949) 851-7450
Facsimile: (949) 851-6926

[Proposed] General Insolvency Counsel for
Silver Creek Industries RS, LLC and Silver Creek Leasing, LLC,
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>☒ SILVER CREEK INDUSTRIES, LLC<br>☐ SILVER CREEK LEASING, LLC<br>☐ SILVER CREEK INDUSTRIES RS, LLC<br>☐ All Debtors.<br><br>Debtors and<br>Debtors-in-Possession. | Jointly Administered under<br>Case No. 6:23-11677-SY with<br>Case No. 6:23-12165-SY and<br>Case No. 6:23-12167-SY<br><br>Chapter 11 Proceedings<br><br>**DECLARATION OF JAMES MCGEEVER IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO EMPLOY B RILEY ADVISORY SERVICES AS ITS FINANCIAL ADVISOR** |

### **DECLARATION OF JAMES MCGEEVER**

I, James McGeever, declare and state:

1. The following matters are within my own knowledge and, if called as a witness, I could and would testify competently thereto.

2. I am the managing member of Silver Creek Industries, LLC, the debtor and debtor-in-possession in this Chapter 11 case ("Debtor"). The Debtor's Chapter 11 case was commenced by the filing of a Chapter 11 petition for relief on April 24, 2023 ("Petition Date").

3. This Declaration is submitted in support of the Debtor's Motion for Entry of Order Authorizing the Debtor to Employ B.Riley Advisory Services as its Financial Advisor ("Motion").[1]

4. I am the principal of the entities that acquired the Debtor in August 2020. Since such acquisition, I have been involved extensively in supervising all aspects of the Debtor's business. I have substantial knowledge of the Debtor's operations and financial affairs, and I have assisted in the preparation or review of the Debtor's financial reporting. I reviewed the Debtor's financial books and records in connection with the preparation and filing of the Motion. I have worked closely with the Firm, as the Debtor's proposed financial advisor in this case and I have substantial knowledge of the services performed by the Firm on behalf of the Debtor.

5. I have reviewed the Motion. Based upon my extensive knowledge of the Debtor's financial affairs, to the best of my knowledge, I believe that the factual representations contained in the Motion regarding the Debtor's history, financial affairs and operations are materially accurate.

6. I believe that the Debtor's retention of the Firm in this case is critical to the Debtor's efforts to preserve value in the Debtor and to maximize the recovery by the Debtor's creditors, through a sale of the Debtor's assets as a going concern.

---

[1] Unless otherwise defined herein, the definition of the capitalized terms contained herein are as set forth in the Motion.

**Expedited Sale Proceedings.**

7.   Based upon the challenges facing the Debtor, the Debtor determined that the best means for the Debtor to preserve value in the Debtor's assets and to produce as favorable a recovery for the Debtor's creditors as may be possible under the circumstances of this case is for the Debtor to attempt to sell the Debtor's business as a going concern. Toward that end, on behalf of the Debtor, I reached out to a number of competitors of the Debtor in order to gauge their interest in exploring a potential transaction with the Debtor. The Debtor engaged in extensive discussions over a period of weeks with two primary bidders and, based upon such discussions, the Debtor determined to enter into a Term Sheet with the Stalking Horse Bidder. The Term Sheet sets forth the material terms of a proposed sale of the Debtor's business to the Stalking Horse Bidder, subject to an Auction process. The Debtor and the Stalking Horse Bidder are working on preparing the definitive Asset Purchase Agreement.

8.   The Debtor must pursue in this case a prompt sale process with a closing of a sale to occur during the week of May 29, 2023. By reason of the Debtor's financial difficulties, the Debtor no longer can obtain new surety bond support and therefore is precluded from performing work on most of its scheduled new projects and from bidding on new projects. The Debtor is experiencing employee defections and the Debtor is at risk of losing business to competitors. The Debtor's Cash Collateral Budget indicates that the Debtor will be able to operate its business until the week of May 29, 2023, but that the Debtor thereafter will lack cash sufficient to continue its operations. Consequently, in order to avoid a deterioration in the Debtor's assets and enterprise value resulting from such financial difficulties, the Debtor believes that it has no alternative but to act promptly to implement and close a sale transaction. The Stalking Horse Bidder has required by its Term Sheet that the Debtor close the proposed transaction by June 2, 2023.

9.   On May 1, 2023, the Debtor filed its Motion For Order Approving: (1) Sale And Bidding Procedures In Connection With The Sale Of Substantially All Of The Assets Of The Debtor Free And Clear Of Liens And Interests; (2) Proposed Break-Up Fee; And (3) Manner Of Notice To Be Provided To Creditors And Parties-In-Interest In Connection With Sale Motion

1  ("Sale Procedures Motion") requesting, in part, that the Court approve sale and bidding procedures in connection with Auction proceedings in this case. A hearing on the Sales Procedures Motion has been set for May 10, 2023. The Court has preliminarily scheduled a hearing on the Sale Motion for May 30, 2023.

10.  The sale proceedings timeline in this case is fairly accelerated but, given the Debtor's cash flow concerns and projected business deterioration, I believe that, by necessity, there needs to be a prompt sale process in this case if the Debtor is going to be able to fulfill its goal of maximizing the recovery by creditors in this case.

**Auction Proceedings.**

11.  The Debtor has engaged in serious discussions with two potential purchasers of substantially all of the Debtor's assets, the Stalking Horse Bidder and Whitley. These potential purchasers both have executed confidentiality agreements with the Debtor, have conducted extensive diligence investigations in furtherance of a possible transaction with the Debtor, and have submitted term sheets for a possible transaction. After very active negotiations conducted over a number of weeks with these potential purchasers, which resulted in significant improvements in the provisions of the potential purchasers' respective term sheets, the Debtor determined to accept, subject to the approval of the Court, the offer reflected in the Stalking Horse Bidder's Term Sheet, subject to overbidding pursuant to Auction proceedings. Both potential purchasers continue their diligence investigations and continue to pursue actively a transaction with the Debtor. I am hopeful that a vibrant Auction of the Debtor's assets will ensue in this case.

**The Debtor's Proposed Employment of the Firm.**

12.  By the Motion, the Debtor proposes to employ the Firm as its financial advisor in the Debtor's case. The Debtor and the Firm have agreed on the terms of the Firm's employment, as described in the Issa Declaration. I believe that the terms of the employment of the Firm are reasonable.

**The Need for the Firm's Employment.**

13. The Firm served pre-petition as the Debtor's financial advisor in connection with providing consultation to the Debtor regarding a resolution of the Debtor's financial difficulties, evaluating the strategic alternatives available to the Debtor and preparing for the Debtor's Chapter 11 filing. The Firm has acquired substantial knowledge of the Debtor's financial affairs, the Debtor's assets and liabilities, the secured and unsecured claims asserted against the Debtor and matters pertaining to the administration of this Chapter 11 case, and has taken a lead role in assisting the Debtor to effectuate a sale of substantially all of the Debtor's assets for the benefit of the Debtor's creditors.

14. The Firm has been responsible for handling all of the due diligence matters in this very active case. Given the accelerated nature of this case, the Firm has been required to devote, and will be required to continue to devote, substantial time to representing the Debtor in this case.

15. The Debtor requires the Firm to continue to serve as its financial advisor in this case. The Firm has substantial knowledge of all aspects of this Chapter 11 case. The Debtor's case is relatively complex, involving, among others, the following issues: disputes with the Debtor's primary secured claimant, CIT, including disputes regarding the extent of CIT's asserted security interest; the Debtor's rights, claims and interests regarding potentially very valuable assets of its estate; potential surety claims and other "Construction Law Claims"; an expedited sale process with competing bids; and the need to document a sale transaction and to obtain this Court's approval of the transaction on an expedited basis. In light of the Debtor's projected cash flow difficulties, the Debtor will need the Firm to devote substantial time and resources to assisting the Debtor to achieve a timely transaction in this case. It is my opinion that, if the Firm is not authorized to represent the Debtor, there will be substantial disruption to the Debtor's efforts to achieve a successful resolution of this case.

16. I respectfully submit that the Firm's ongoing services are critical to the sale process in this case and, therefore, to maximizing recovery by creditors in this case.

**Firm's Lack of Conflict.**

17.Before the Debtor engaged the Firm, the Firm disclosed to me the limited communications that the Firm had with Webb in February 2023. I am satisfied that such limited communications are <u>not</u> material to the Firm's representation of the Debtor, and that the Firm has <u>no</u> meaningful conflicts in this case.

18.I have worked very closely with the Firm. It is my strong belief that the Firm has shown clearly that its sole allegiance and loyalty is owed to the Debtor and the Debtor's estate and that the Firm has acted solely to enhance the interests of the Debtor and the Debtor's creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of June 2023, at Newport Beach, California.

*/s/ [signature]*

_____
James McGeever

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1301 Dove Street, Suite 500, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled: **DECLARATION OF JAMES MCGEEVER IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO EMPLOY B RILEY ADVISORY SERVICES AS ITS FINANCIAL ADVISOR** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 30, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **June 30, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
Honorable Scott H. Yun
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY OVERNIGHT DELIVERY OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June , 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 30, 2023 | Silvia Villegas | /s/ Silvia Villegas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## **NEF SERVICE LIST**

- **Kristina S Azlin**  Kristina.Azlin@hklaw.com, ericka.mendez@hklaw.com;hapi@hklaw.com
- **Maria Cho**  Maria.Cho@faegredrinker.com, liliana.hernandez@faegredrinker.com
- **Theodore A Cohen**  tcohen@sheppardmullin.com, mtzeng@sheppardmullin.com
- **Martin P Eramo**  MPEramo@aol.com
- **Thomas R Fawkes**  thomas.fawkes@tuckerellis.com, brittany.falkner@tuckerellis.com
- **Abram Feuerstein**  abram.s.feuerstein@usdoj.gov
- **James Ficenec**  james.ficenec@ndlf.com, alex.reel@ndlf.com
- **Clifford Kerry Fields**  ckfields@fieldslg.com, marnellb@fieldslg.com
- **M Douglas Flahaut**  flahaut.douglas@arentfox.com
- **Ronald E Gold**  rgold@fbtlaw.com, eseverini@fbtlaw.com;jkleisinger@fbtlaw.com
- **Richard H Golubow**  rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Michael I. Gottfried**  mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Everett L Green**  everett.l.green@usdoj.gov
- **Jennifer C Hayes**  jhayes@mckennalong.com, aworthing@mckennalong.com
- **Leslie R Horowitz**  leslie.horowitz@offitkurman.com, arvin.setaghaian@offitkurman.com
- **Lance N Jurich**  ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com
- **Matthew I Kaplan**  matthew.kaplan@tuckerellis.com, sofia.escalante@tuckerellis.com
- **Jane G Kearl**  jkearl@watttieder.com
- **Peter W Lianides**  plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Zi Chao Lin**  zi.lin@tuckerellis.com, kristin.mccarthy@tuckerellis.com;thomas.fawkes@tuckerellis.com;jason.ben@tuckerellis.com
- **Ali Matin**  ali.matin@usdoj.gov, carolyn.k.howland@usdoj.gov
- **Christopher E Ng**  cng@gglts.com
- **Robert E Opera**  ropera@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Jennifer Pruski**  jpruski@trainorfairbrook.com
- **Cameron C Ridley**  Cameron.Ridley@usdoj.gov
- **Todd C. Ringstad**  becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Edward Rubacha**  er@jhkmlaw.com, docket@jhc.law;am@jhc.law
- **Peter T Steinberg**  mr.aloha@sbcglobal.net
- **Dana Sykulski**  dsykulski@yahoo.com
- **United States Trustee (RS)**  ustpregion16.rs.ecf@usdoj.gov
- **Kirsten A Worley**  WORLEYK@HIGGSLAW.COM, MALAVARJ@HIGGSLAW.COM
- **Dylan J Yamamoto**  dylan.yamamoto@arentfox.com
- **S Christopher Yoo**  cyoo@fbtlaw.com, vdelgado@fbtlaw.com