ROBERT E. OPERA -- State Bar No. 101182
ropera@wghlawyers.com
PETER W. LIANIDES – State Bar No. 160517
plianides@wghlawyers.com
WINTHROP GOLUBOW HOLLANDER, LLP
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel for
Silver Creek Industries, LLC, Debtor and
Debtor-in-Possession

TODD C. RINGSTAD – State Bar No. 97345
todd@ringstadlaw.com
RINGSTAD & SANDERS, LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
Telephone: (949) 851-7450
Facsimile: (949) 851-6926

General Insolvency Counsel for
Silver Creek Industries RS, LLC and Silver Creek Leasing, LLC,
Debtors and Debtors-in-Possession

**FILED & ENTERED**

**NOV 01 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Mason    DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>☐ SILVER CREEK INDUSTRIES, LLC<br>☐ SILVER CREEK LEASING, LLC<br>☐ SILVER CREEK INDUSTRIES RS, LLC<br>☒ All Debtors.<br><br>Debtors and<br>Debtors-in-Possession. | Jointly Administered under<br>Case No. 6:23-bk-11677-SY with<br>Case No. 6:23-bk-12165-SY and<br>Case No. 6:23-bk-12167-SY<br><br>Chapter 11<br><br>**ORDER APPROVING (1) DEBTORS' FIRST AMENDED JOINT DISCLOSURE STATEMENT ACCOMPANYING DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN, AND (2) PROCEDURES FOR DISSEMINATING PLAN DOCUMENTS**<br><br>Hearing:<br>Date:    October 26, 2023<br>Time:    1:30 p.m.<br>Place:   Courtroom 302<br>         3420 Twelfth Street<br>         Riverside, CA 92501 |

Order#1422091#a6467b60-a160-4a76-977a-d7917a0cd67f

1    On October 26, 2023 at 1:30 p.m. a hearing was held before the Honorable Scott H. Yun, United States Bankruptcy Judge, in the above-entitled court with respect to the approval of the Debtors' First Amended Joint Disclosure Statement Accompanying Debtors' Second Amended Joint Chapter 11 Plan [Docket No. 327] ("Disclosure Statement") filed by debtors and debtors-in-possession Silver Creek Industries, LLC ("SCI"), Silver Creek Leasing, LLC ("SCL") and Silver Creek Industries RS, LLC ("SCI RS") (collectively, "Debtors") with regard to the Debtors' Second Amended Joint Chapter 11 Plan [Docket No. 326] ("Plan"). Robert E. Opera of Winthrop Golubow Hollander, LLP appeared telephonically on behalf of SCI. Thomas R. Fawkes of Tucker Ellis LLP appeared telephonically on behalf of the Official Committee of Unsecured Creditors appointed in SCI's Chapter 11 case ("Committee"). Theodore A. Cohen of Sheppard, Mullin, Richter & Hampton LLP appeared telephonically on behalf of First-Citizens Bank & Trust Company, Successor by Merger to CIT Bank, N.A., as Administrative Agent and Lender ("CIT"). Todd C. Ringstad of Ringstad & Sanders, LLP appeared telephonically on behalf of SCL and SCI RS. Other appearances, if any, were as reflected on the court's record of the proceedings.

    The court having found that (i) the Disclosure Statement contains "adequate information," as required by Section 1125(b) of the Bankruptcy Code, (ii) the notice given of the hearing on the approval of the Disclosure Statement was appropriate, (iii) no objections to the approval of the Disclosure Statement were filed, and (iv) CIT and the Committee support the approval of the Disclosure Statement, and for other good and sufficient cause,

**IT IS HEREBY ORDERED THAT**:[1]

1.    The Disclosure Statement is approved under Section 1125(b) of the Bankruptcy Code.

2.    **December 14, 2023 at 1:30 p.m.** is set as the date and time for the hearing on the confirmation of the Plan.

3.    The Debtors are authorized to disseminate to creditors the letter dated October 26, 2023 by which the Committee states its support for the confirmation of the Plan and recommends that creditors vote in favor of the confirmation of the Plan ("Plan Solicitation Letter"), a true and

---

[1] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Disclosure Statement.

complete copy of which is attached hereto as Exhibit "1" and is incorporated herein by this reference.

4. **November 3, 2023** is fixed as the last day for the Debtors to serve the following documents: the Disclosure Statement, the Plan, a notice of the hearing on the confirmation of the Plan ("Notice"), the Plan Solicitation Letter, and a ballot ("Ballot") for casting a vote with respect to the confirmation of the Plan (collectively, "Plan Documents"). The Plan Documents shall be served on all equity security holders and on creditors entitled to cast a vote with respect to the confirmation of the Plan, and the Plan and the Notice shall be served on all other creditors, including creditors whose claims are not "impaired" by the Plan (as such term is defined in 11 U.S.C. § 1124). There shall be no need for the Debtors to serve the Plan Documents on any claimant whose claim has been disallowed by the court or who was required to file, but who failed to file, a proof of claim by the Bar Date, or whose claim has been determined to be zero by order of the court. The Debtors need serve only one (1) set of Plan Documents on any creditor who asserts claims against more than one debtor.

5. **November 27, 2023** is fixed as the last day for equity security holders and creditors entitled to vote on the Plan to return to SCI's counsel, Winthrop Golubow Hollander, LLP, a Ballot to accept or reject the Plan ("Voting Deadline") such that the Ballot is actually received by SCI's counsel by **12:00 p.m.** Pacific Time on November 27, 2023.

6. **November 27, 2023** is fixed as the last day for creditors, equity security holders, or any other parties-in-interest to file and serve an objection to the confirmation of the Plan ("Plan Objection"). Any Plan Objection must be filed with the court and electronically served on counsel to the Debtors, counsel to the Committee, counsel to CIT, and the U.S. Trustee.

7. **December 7, 2023** is fixed as the last day for the Debtors to file and serve the following pleadings (collectively, "Confirmation Pleadings"): (a) a brief in support of the confirmation of the Plan; (b) a tally of the Ballots received with respect to the confirmation of the Plan ("Ballot Tally"); and (c) declarations and any other evidence in support of the confirmation of the Plan.

8. **December 7, 2023** is fixed as the last day for the Debtors or any other party-in-interest to file and serve a reply to any Plan Objection.

9. The form of the notice of the hearing on the confirmation of the Plan, attached hereto as Exhibit "2" and incorporated herein by this reference, as shall be modified to be consistent with this order, is approved.

10. For good cause shown by the Debtors, the time provided by Rule 2002(b) of the Federal Bankruptcy Rules for filing an objection to the confirmation of the Plan is shortened as provided in Paragraph 6 hereof, and the time provided by Rule 3018-1 of the Local Bankruptcy Rules for filing the Ballot Tally is shortened as provided in Paragraph 7 hereof.

11. The following procedures are approved for the tabulation of votes cast with respect to the Plan.

    a. Unless otherwise ordered by the court, all votes to accept or reject the Plan must be cast by using the appropriate Ballot, and votes that are cast in any other manner may not be counted;

    b. A creditor asserting Claims in more than one Class established by the Plan must use separate Ballots for each Class of Claims;

    c. A creditor asserting a claim for which there is joint and several liability of two or all of the Debtors shall be deemed to have only one claim for the amount owed to such creditor for the purpose of tallying the Ballots cast with respect to the Plan.

    d. Unless otherwise ordered by the court, if a creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot received by the Debtors shall be counted;

    e. Any executed Ballot received by the Debtors that does not indicate either an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, or that is materially deficient in any respect, shall not be counted. Provided, however, that the Debtors at their discretion may contact a creditor that submits such a Ballot to request that the Ballot be corrected;

      f.      The Debtors may accept a Ballot cast by facsimile or electronic mail transmission;

      g.      Unless otherwise ordered by the court, any executed Ballot received by the Debtors after the Voting Deadline shall not be counted; and

      h.      Ballots cast with respect to each Debtor shall be combined by Class for the purpose of tallying the Ballots cast with respect to the Plan.

      i.      Any creditor entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that it is received by the Debtors by the Voting Deadline.

12. The Debtors shall have the right to take any action, and to execute any document, appropriate to implement the terms of this order.

13. Prior to the Debtors' dissemination of the Plan Documents to creditors and parties-in-interest, the Debtors shall have the right to make non-substantive modifications to a Plan Document so long as such modifications are typographical, confirming, or ministerial in nature, without further notice or order of the court, and may make other modifications to a Plan Document with the approval of the court.

14. The Debtors may request that the court consider at the Confirmation Hearing any modifications to the Plan, without further notice to creditors or parties-in-interest, unless notice thereof is ordered by the court.

###

Date: November 1, 2023

Scott H. Yun
United States Bankruptcy Judge

# EXHIBIT I

**The Official Committee of Unsecured Creditors of Silver Creek Industries, LLC**

[_____], 2023

To the Unsecured Creditors of
Silver Creek Industries, LLC

RE:    *In re Silver Creek Industries, LLC, et al.*
        Case No. 6:23-bk-11677-SY (Bankr. C.D. Cal.)
        <u>**Statement of Committee's Support for Confirmation of Plan of Liquidation**</u>

Dear Creditor:

This letter is to confirm support of the Official Committee of Unsecured Creditors of Silver Creek Industries, LLC (the "*Committee*") for the confirmation of the *Second Amended Joint Chapter 11 Plan* (the "*Plan*") filed by Silver Creek Industries, LLC, Silver Creek Leasing, LLC, and Silver Creek Industries RS, LLC (collectively, the "*Debtors*") in the above-referenced chapter 11 cases pending before the U.S. Bankruptcy Court for the Central District of California (the "*Bankruptcy Court*").

The Plan is the culmination of extensive negotiations between the Committee, the Debtors, the Debtors' principal, James McGeever, and the Debtors' senior secured creditor, First-Citizens Bank & Trust Company, Successor by Merger to CIT Bank, N.A. ("*CIT*"), is in the best interests of general unsecured creditors, and **the Committee encourages all creditors to vote in favor of the Plan**. The Committee, on behalf of its constituents, had the following objectives in mind during the course of these negotiations: (1) maximizing recoveries to general unsecured creditors on account of their pre-petition claims; and (2) preserving, to the fullest extent possible, claims and causes of action of the Debtors' estates, including, but not limited to, avoidance action claims.

The Committee believes that the Plan effectuates each of these objectives. Pursuant to the Plan and a related global settlement by and between the Debtors, Mr. McGeever, the Committee, and CIT (which has been the subject of months' worth of negotiations and is the subject of a motion pursuant to Fed. R. Bankr. P. 9019 that is expected to be approved on or about November 9, 2023), general unsecured creditors will receive a *pro rata* share (along with CIT on account of an allowed deficiency claim) of the following unencumbered assets: (i) $7 million, representing the agreed value allocated to a real property lease that was transferred by the Debtors along with its operating assets to a third-party purchaser; and (ii) an Employee Retention Tax Credit belonging to the Debtors that may be worth in excess of $5 million. In addition, the global settlement provides for an allocation of the net proceeds of the estates' chapter 5 avoidance actions (including bankruptcy preference claims) that favors non-CIT general unsecured creditors. Further, both CIT and Mr. McGeever agreed to compromises of their unsecured claims that meaningfully enhance prospective recoveries by non-CIT general unsecured creditors. In short, the global settlement and the Plan provide for a substantially greater potential recovery to holders of general unsecured claims than could be realized in the absence of the global settlement, or in the event of a conversion of the Debtors' cases to chapter 7. Further, the global settlement and the Plan – which has been consented to by each of the major constituencies in these cases – avoids what could be protracted

and costly litigation among the parties that would have the effect of substantially diluting general unsecured creditor recoveries.

The Committee believes that the Plan meets all requirements for confirmation under applicable sections of the Bankruptcy Code, including section 1129, and provides unsecured creditors with the highest likelihood of a meaningful recovery under the circumstances. The Committee therefore supports confirmation of the Plan and encourages creditors to vote to accept the Plan.

The Committee welcomes inquiries from creditors concerning the terms of the global settlement and Plan and the treatment of creditors thereunder. Any such inquiries may be directed to the Committee's counsel, Thomas Fawkes of Tucker Ellis LLP, who can be reached at (312) 256-9425 or thomas.fawkes@tuckerellis.com.

Sincerely,

The Official Committee of Unsecured Creditors of
Silver Creek Industries, LLC

_____          _____          _____
Michael Rhodes               John Renken                  Leslie Paulish
Member/Chair                 Member                       Member

EXHIBIT 2

ROBERT E. OPERA -- State Bar No. 101182
ropera@wghlawyers.com
PETER W. LIANIDES – State Bar No. 160517
plianides@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
General Insolvency Counsel for
Silver Creek Industries, LLC,
Debtor and Debtor-in-Possession

TODD C. RINGSTAD – State Bar No. 97345
todd@ringstadlaw.com
**RINGSTAD & SANDERS, LLP**
4910 Birch Street, Suite 120
Newport Beach, CA 92660
Telephone: (949) 851-7450
Facsimile: (949) 851-6926
General Insolvency Counsel for
Silver Creek Industries RS, LLC and
Silver Creek Leasing, LLC,
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>☐ SILVER CREEK INDUSTRIES, LLC<br>☐ SILVER CREEK LEASING, LLC<br>☐ SILVER CREEK INDUSTRIES RS, LLC<br>☒ All Debtors.<br><br>Debtors and<br>Debtors-in-Possession. | Jointly Administered under<br>Case No. 6:23-bk-11677-SY with<br>Case No. 6:23-bk-12165-SY and<br>Case No. 6:23-bk-12167-SY<br><br>Chapter 11 Proceedings<br><br>**NOTICE OF HEARING ON CONFIRMATION OF THE DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN**<br><br>DATE:     December 14, 2023<br>TIME:     1:30 p.m.<br>PLACE:   Courtroom 302<br>              3420 Twelfth Street<br>              Riverside, CA 92501 |

**TO ALL CREDITORS, THE UNITED STATES TRUSTEE, AND PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE** that the Bankruptcy Court has scheduled a hearing on December 14, 2023 at 1:30 p.m. in Courtroom 302, located at the 3420 Twelfth Street, Riverside, CA 92501, to consider the confirmation of the Debtors' Second Amended Joint Chapter 11 Plan (the "Plan") filed by Silver Creek Industries, LLC ("SCI"), Silver Creek Leasing, LLC ("SCL"), and Silver Creek Industries RS, LLC ("SCI RS"), the debtors and debtors-in-possession in the above-captioned Chapter 11 cases (collectively, "Debtors"). The Bankruptcy Court has approved the Debtors' First Amended Joint Disclosure Statement Accompanying Debtors' Second Amended Joint Chapter 11 Plan (the "Disclosure Statement"), filed by the Debtors, finding that the same contains "adequate information" in accordance with the requirements of Section 1125 of the Bankruptcy Code.[1]

Copies of the following documents are being transmitted herewith:

1.    Copies of the Plan and Disclosure Statement and all exhibits thereto;

2.    A Ballot for the acceptance or rejection of the Plan (the "Ballot"); and

3.    A letter, dated October __, 2023, from the Official Committee of Unsecured Creditors appointed in SCI's case ("Committee") stating its support for the confirmation of the Plan and recommending that unsecured creditors vote in favor of the confirmation of the Plan.

The last day for a creditor or equity security holder to return to SCI's counsel a Ballot containing a written acceptance or rejection of the Plan is **November 27, 2023**. Ballots may be transmitted by mail, telefax or electronic mail so long as the Ballot is actually received by SCI's counsel by **12:00 p.m. Pacific Time on November 27, 2023**. Any Ballots received after said date and time may not be counted. Ballots must be sent to:

---

[1] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Disclosure Statement.

Jeannie Martinez
Winthrop Golubow Hollander, LLP
1301 Dove Street, Suite 500
Newport Beach, California 92660
Fax: 949-720-4111
E-mail: jmartinez@wghlawyers.com

By order of the Bankruptcy Court, if a creditor asserts Claims in more than one (1) Class of Claims established by the Plan, the creditor must use a separate ballot for each Class of Claims.

The deadline for a creditor or other party-in-interest to file and serve a written objection to the confirmation of the Plan ("Plan Objection") is **November 27, 2023** (the "Objection Date"). Any Plan objection must be filed with the Bankruptcy Court by **12:00 p.m. Pacific Time on the Objection Date** and served, such that the same is actually received, by no later than 12:00 p.m. Pacific Time on the Objection Date, by counsel to the Debtors, counsel to the Committee, counsel to Secured Creditor First-Citizens Bank & Trust Company, Successor by Merger to CIT Bank, N.A., as Administrative Agent and Lender ("CIT"), and the United States Trustee ("U.S. Trustee"), at the following addresses:

| | |
|---|---|
| SCI's Counsel | Robert E. Opera, Esq., Winthrop Golubow Hollander, LLP 1301 Dove Street, Suite 500, Newport Beach, California 92660 |
| SCL's and SCI RS's Counsel | Todd C. Ringstad, Esq. Ringstad & Sanders LLP 4910 Birch Street, Suite 120, Newport Beach, CA 92660 |
| Committee's Counsel | Thomas R. Fawkes, Esq. Tucker Ellis LLP 233 South Wacker Drive, Suite 6950, Chicago, IL 60606 |
| Counsel to CIT | Theodore A. Cohen, Esq. Sheppard Mullin Richter & Hampton LLP 333 South Hope Street, 43rd Floor Los Angeles, CA 90071 |
| U.S. Trustee | Ali Matin, Esq. U.S. Department of Justice Office of the United States Trustee 3801 University Avenue, Suite 720, Riverside, CA 92501 |

By order of the Bankruptcy Court, by December 7, 2023, the Debtors must file and serve the following pleadings: (a) a brief in support of the confirmation of the Plan; (b) a tally of the Ballots received with respect to the Plan; and (c) declarations and any other evidence in support of the confirmation of the Plan.

The last day for the Debtors or any other party-in-interest to file and serve a reply to a Plan Objection ("Reply") is December 7, 2023.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court may consider modifications to the Plan at the hearing on the confirmation of the Plan without further notice to creditors or parties-in-interest.

DATED: November ____, 2023                     **WINTHROP GOLUBOW HOLLANDER, LLP**

By: */s/ Robert E. Opera*
    Robert E. Opera
    Peter W. Lianides
General Insolvency Counsel for Debtor and
Debtor-in-Possession Silver Creek Industries, LLC

EXHIBIT 2 - 2

-2-